

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-1996

# Hargrave v. United Wire Hanger Corp.

Precedential or Non-Precedential:

Docket 95-5131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Hargrave v. United Wire Hanger Corp." (1996). *1996 Decisions*. Paper 242.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO.  95-5131


JOHN W. HARGRAVE, TRUSTEE IN
BANKRUPTCY FOR SABER TRANSPORT, INC.,
Appellant

v.

UNITED WIRE HANGER CORP.


On Appeal From the United States District Court
For the District of New Jersey
D.C. Civ. No. 92-cv-02497


Argued:  December 11, 1995

Before: BECKER, ROTH and LEWIS, Circuit Judges

(Filed: January 8, 1996)

ROBERT B. WALKER, ESQUIRE
(ARGUED)
JOHN T. SIEGLER, ESQUIRE
Shawn, Mann &
Neidermayer,                     L.L.P.
1850 M Street, N.W.
Suite 280
Washington, DC    20036

Counsel for Appellant

GERARD F. SMITH, ESQUIRE
(ARGUED)
Law Offices of Gerard F. Smith
One Broadway
Suite 201

Denville, NJ 07834

GEORGE CARL PEZOLD, ESQUIRE

RAYMOND A. SELVAGGIO, ESQUIRE
Augello, Pezold & Hirschmann, P.C.

120 Main Street
Huntington, NY   11743

Counsel for Appellee


OPINION OF THE COURT


PER CURIAM:

The Interstate Commerce Act (ICA), 49 U.S.C. §10101 et seq., mandates that motor common carriers file their rates with the Interstate Commerce Commission (ICC), and prohibits carriers from providing services at any rate other than the filed rate. Many carriers, however, in response to increased competition fostered by the Motor Carrier Act of 1980, negotiated and charged rates lower than those filed with the ICC. When some of these carriers later filed for bankruptcy, their trustees attempted to recover the "undercharge" amounts -- the difference between the filed rate and the negotiated rate. To thwart these claims, the ICC took the position that a carrier attempting to collect a filed rate after having negotiated a lesser rate engaged in an "unreasonable practice" in violation of the ICA. However, in Maislin Indus. v. Primary Steel, Inc., 110 S. Ct. 2759 (1990), the Supreme Court held the ICC's policy invalid under the ICA, because the ICA establishes a duty to charge filed

2

rates.  The Court reaffirmed the "filed rate doctrine," under which a carrier can sue for the difference between the filed rate and the rate charged.

In response to Maislin and the burgeoning amount of undercharge litigation, Congress passed the Negotiated Rates Act of 1993 (NRA), Pub. L. 103-180, 107 Stat. 2044-2053 (1993). This statute purports to resolve the undercharge crisis, but because of, inter alia, jurisdictional conflicts between congressional committees, the statute is less than pellucid. Although the NRA is aimed at claims brought by bankrupt carriers, NRA section 9 expressly states that "[n]othing in [the NRA] . . . shall be construed as limiting or otherwise affecting application of title 11, United States Code, relating to bankruptcy . . . ." 107 Stat. 2053.  The issue in this case is whether the NRA and the Bankruptcy Code conflict, and if so, how to resolve the conflict.

Saber Transport, Inc., a motor carrier, went into bankruptcy in 1991.  Plaintiff John W. Hargrave, Trustee for Saber, seeks to recover freight undercharges from United Wire Hanger Corp. in the amount of $57,517.05 for freight shipments that occurred during 1989-1990.  United argues, and the district court held, that the NRA's small business exemption, 49 U.S.C. §10701(f)(9), relieves United from liability.  In response, Hargrave submits that the anti-forfeiture provisions of the bankruptcy code, 11 U.S.C. §§ 363(l) & 541(c)(1), prohibit application of the small business exemption in this case. Resolution of the controversy turns on two issues:  whether the

3

NRA's small business exemption requires a showing that the suing carrier is no longer transporting property; and, if so, whether such requirement means that the exemption is "conditioned on the . . . financial condition of the debtor" (and thus comes within the bankruptcy code's anti-forfeiture provisions, 11 U.S.C. §§363(l) & 541(c)(1)).

Many courts have addressed these questions, and virtually all of them (including every Court of Appeals to address the issue) have found in favor of the defendant shipper. Because so many opinions have already been written on this abstruse subject, we elect not to consume more trees from the forest. Rather we strongly endorse (and adopt) the reasoning of In re Lifschultz Fast Freight Corp., 63 F.3d 621 (7th Cir. 1995), the latest in the growing line of cases. For the reasons set forth therein, the judgment of the district court in favor of United Wire will be affirmed.

───────────────────────